UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MICHAEL D. HOY,

       Defendant.
_____/

Criminal Action No.
12-CR-20713

HON. MARK A. GOLDSMITH

## OPINION AND ORDER DECLINING TO ENTER THE PARTIES' PROPOSED STIPULATED ORDER TO AMEND THE COURT'S JANUARY 18, 2013 ORDER

      Defendant in the present case is a licensed attorney in Michigan, who is charged with six felony counts of possession of unregistered machine guns, in violation of 26 U.S.C. § 5861(d). On November 14, 2012, the Court referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose of conducting a plea hearing. With Defendant's written consent, the Magistrate Judge held a plea hearing on December 17, 2012, at which Defendant pled guilty to one count of possession of an unregistered machine gun. On the next day, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Court accept Defendant's guilty plea. A month later, on January 18, 2013 – well after the time for objecting to the R&R had expired – the Court issued an order accepting and adopting the Magistrate Judge's recommendation and accepting Defendant's guilty plea.

      Some four hours after the Court accepted Defendant's guilty plea on January 18, 2013, the parties presented the Court with a proposed order – agreed to by both Defendant and the Government – that would "amend" the Court's January 18 order accepting Defendant's guilty plea, such that Defendant's guilty plea would be "taken under advisement" and "accepted at the

time of sentencing," now scheduled for April 9, 2013. The purported justification for the proposed order is that Defendant wishes to continue practicing law and postpone the date on which he must formally report his conviction to Michigan authorities:

> Because Defendant is licensed to practice law and has duties and responsibilities to fulfill to existing clients, he requested that his plea not be accepted until sentencing. Once his plea is accepted, he must notify the State Bar of Michigan, and his license to practice law will be suspended.

Proposed Order ¶ 2.

The notification obligation referred to in the proposed order is contained in Michigan Court Rule 9.120. It requires Michigan lawyers who are convicted of any crime to notify the Attorney Grievance Commission and the Attorney Discipline Board within 14 days of the conviction. Mich. Ct. R. 9.120(A)(1). Because of the importance of this reporting requirement, Michigan law imposes independent obligations on three different people – the convicted attorney, his or her defense attorney, and the prosecuting attorney – to report the conviction. See 2 Ronald S. Longhofer, Michigan Court Rules Practice § 9120.1 (5th ed. 2011) ("The special procedures available under [Rule 9.120] following a criminal conviction are of little use if the matter does not come to the attention of appropriate authorities. Accordingly, a duty to report is placed on the convicted attorney, the defense lawyer and on the prosecutor in the hope that this will ensure notification."). The law provides that a conviction occurs, for purposes of Rule 9.120, "upon acceptance of a plea of guilty." Mich. Ct. R. 9.120(B)(1). No one disputes that Defendant was "convicted" – triggering Rule 9.120's 14-day period in which to notify the State Bar – on January 18, 2013 when the Court accepted and adopted the Magistrate Judge's recommendation to accept Defendant's guilty plea.

The Court declines to enter the proposed order for three reasons. First, the State of Michigan has determined that attorneys convicted of crimes should promptly notify the

authorities charged with regulating the practice of law. By delaying acceptance of the guilty plea, this Court would, in effect, be a party to an effort to impede the notification process. That would be particularly egregious in the present case where Defendant has pled guilty to a felony, which entails Defendant's automatic suspension from the practice of law. See Mich. Ct. R. 9.120(B)(1).

Second, to the extent Defendant's request to defer the time of his conviction stems from his desire to protect his clients, the Court notes that they are already protected under Michigan Court Rule 2.503(F), which requires Michigan courts to adjourn proceedings when it is found that an attorney appearing on behalf of a party has been suspended from practicing law. See Mich. Ct. R. 2.503(F)(3) ("If the court finds that an attorney . . . has been disbarred . . . [or] has been placed suspended . . . the court shall adjourn a proceeding in which the attorney was acting for a party. The party is entitled to 28 days' notice that he or she must obtain a substitute attorney or advise the court in writing that the party intends to appear on his or her own behalf.").

Finally, at the hearing on the proposed order conducted before this Court on January 28, 2013, Defendant argued that delay in acceptance of the plea – and thus postponement of his suspension – were necessary to assure that he can continue to provide income for his wife and her father, who had come to live with them. The Court is certainly sympathetic to the hardship that a loss of Defendant's income may cause. But that hardship is a product of Defendant's criminal conduct. It cannot be parlayed into any special consideration for delaying his conviction.

For all these reasons, the Court declines to enter the proposed order that was submitted for its consideration on January 18, 2013.

SO ORDERED.

Dated: February 1, 2013　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2013.

　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　Case Manager